# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LORENZO RUBIO,**

    **Plaintiff,**

v.                                                                                 **Case No.  8:09-cv-1652-T-30MAP**

**HOWARD LOPEZ, et al.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' motion for an award of costs and attorneys' fees against Plaintiff (Dkt. 56), Plaintiff's response in opposition (Dkt. 58), and Defendants' reply (Dkt. 71). The Court initially reserved ruling on Defendants' motion in light of Plaintiff's notice of appeal (Dkt. 61). On October 18, 2011, the parties informed the Court that Plaintiff's appeal and petition for rehearing were denied and Defendants intended to pursue their request for fees and costs as set forth in their motion (Dkt. 68). Accordingly, upon review of Defendants' motion, Plaintiff's response, Defendants' reply, and upon being otherwise advised in the circumstances, the Court concludes that Defendants' motion for an award of costs and attorneys' fees against Plaintiff should be granted in part.

## DISCUSSION

On February 3, 2011, the Court entered an Order granting Defendants' motion for summary judgment (Dkt. 54). In short, the Court determined that Defendant Deputy Lopez was entitled to qualified immunity for his actions related to hobble-tying Plaintiff. On

February 4, 2011, the Clerk entered final judgment in favor of Defendants and against Plaintiff. This case is at issue upon Defendants' motion for an award of attorneys' fees and costs against Plaintiff under Federal Rules of Civil Procedure 54 and 68, Local Rule 4.18, 42 U.S.C. §1988, and Fl. Stat. §768.79. Notably, Defendant Deputy Lopez served Plaintiff with a Proposal for Settlement on September 23, 2010, in the amount of $2,500. Plaintiff did not accept the Proposal for Settlement.

Defendants request costs in the amount of $27,021.21 and attorneys' fees in the amount of $4,400.00. The parties agreed that Defendants' counsel would be entitled to an hourly rate of $110.00 per hour and hours incurred solely for Defendants' counsel's time spent preparing and drafting Defendants' motion for summary judgment for a total of forty (40) hours. Plaintiff, however, disputes Defendants' _entitlement_ to attorneys' fees and disputes the amount of costs Defendants are seeking.

The majority of Plaintiff's arguments lack merit. For example, it is of no consequence, legal or otherwise, how Defendant Deputy Lopez was insured or indemnified for litigation costs and fees expended in defense of the claims asserted against him in this lawsuit. In other words, the indemnification of his litigation costs and fees does not render his entitlement to costs and fees null and void. Also, there is no question that Defendant Deputy Lopez made his Proposal for Settlement in the amount of $2,500.00 in "good faith." And Plaintiff's argument that Defendants should have filed their summary judgment motion earlier in the lawsuit is irrelevant. Finally, although non-Court-appointed-expert-fees are typically unavailable under 28 U.S.C. §1920, they are available to Defendants (in addition

to Defendants' attorneys' fees), in this Court's discretion, as prevailing parties under 42 U.S.C. §1988(c).

The Court does agree with Plaintiff that Defendants' <u>expert</u> costs in the amount of $21,577.52 are unreasonable. The Court did not rely on expert testimony to award summary judgment in Defendants' favor (Dkt. 54). Indeed, the only reference to Defendants' expert, Dr. Farhad Booeshaghi, was a brief note in a footnote that Defendant Deputy Lopez's re-enactment of the hobble-tie with Dr. Booeshaghi took one minute and fifteen seconds. *Id.* at 4, n.2.

Accordingly, the Court will award only $5,000.00 in expert costs. The Court concludes that Defendants' request for fees in the amount of $4,400.00 is reasonable and remaining costs in the amount of $5,443.69 are reasonable.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' motion for an award of costs and attorneys' fees against Plaintiff (Dkt. 56) is GRANTED IN PART.

2. The CLERK is directed to enter judgment in the amount of $14,843.69, which is comprised of attorneys' fees and costs, in favor of Defendants DEPUTY HOWARD LOPEZ and SHERIFF DAVID GEE and against Plaintiff.

**DONE** and **ORDERED** in Tampa, Florida on October 27, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1652.mtfees56final.frm